The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE SOCORRA CHIPRES MADRIZ,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA and EC COMPANY | Civil Action No. 3:22-cv-5796-BJR<br><br>ORDER DENYING UNITED STATES' MOTION TO DISMISS |

## I.  INTRODUCTION

Plaintiff Jose Socorro Chipres Madriz ("Plaintiff") brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, seeking compensation for injuries he sustained while working at a Bonneville Power Administration ("BPA") substation. Dkt. No. 1. Defendant the United States of America ("the United States") moves to dismiss the complaint with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 14. Defendant EC Company joins in the motion and Plaintiff opposes the motion. Dkt. Nos. 20 & 16, respectively. Having reviewed the motion and corresponding pleadings, the record of the case, and the relevant legal authorities, the Court will deny the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

In September 2020, Plaintiff was employed by Resource Management Associates ("RMA") and working as part of a construction crew at a BPA substation in Longview, Washington. The construction crew consisted of RMA employees, BPA employees, and Defendant EC Company employees. Plaintiff was injured while the construction crew was moving a large device called a "disconnect". Plaintiff alleges that he filed an administrative claim with the United States, which was denied. Therefore, Plaintiff asserts, this FTCA claim is properly before this Court pursuant to 28 U.S.C. § 2401.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. "A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either 'facially' or 'factually.'" *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 781.F. Supp. 2d 955,959 (N.D. Cal. 2011) (citing *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). In considering a motion to dismiss for lack of subject matter jurisdiction, the court must accept all of plaintiff's factual allegations as true. *See Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). Unlike a 12(b)(6) motion, however, the court may assess the complaint's jurisdictional allegations by relying on affidavits or any other evidence properly before the court. *Id*. All disputes are resolved in favor of the non-moving party. *See Dreier*, 106 F.3d at 847.

## IV. DISCUSSION

As stated above, the United States moves to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1). It proceeds on two alternate theories. First, it claims that this Court lacks jurisdiction because Plaintiff was a federal employee who was

injured while performing job-related duties and, as such, must submit his claim to the Department of Labor pursuant to the Federal Employees' Compensation Act (FECA), 5 U.S.C. § 8101, *et seq*. Alternatively, the United States argues that if Plaintiff was not a federal employee and the FTCA is the applicable statute, this Court still lacks jurisdiction under the independent contractor and/or discretionary function exceptions to the sovereign immunity waiver of the FTCA. The Court will address each argument in turn.

### A. Whether Plaintiff Must Proceed under the FECA

The FECA compensates federal employees for injuries sustained "during the performance of their duties." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993); 5 U.S.C. § 8116(c). FECA remedies "are exclusive of all other remedies against the United States for job-related injury or death." *Id*. Thus, "[a]n injured federal employee may not bring an action under the FTCA if there is a substantial question as to whether his injuries are covered under FECA." *Reep v. United States*, 557 F.2d 204, 207 (9th Cir. 1977). Instead, an employee must seek and be denied relief by the Department of Labor before commencing an action under the FTCA. *Id*.

Here, the United States argues that there is a colorable claim that Plaintiff's injury falls within the scope of the FECA. There is no dispute that Plaintiff was injured while working at the BPA substation; however, the parties do dispute whether BPA was Plaintiff's joint employer at the time of the incident. This dispute is significant because if BPA was Plaintiff's joint employer when he was injured, then he was a federal employee and is required to submit his claim to the Department of Labor before proceeding with this FTCA claim, something he did not do. Plaintiff counters that he was not BPA's employee. He argues that this is evidenced by the allegations in the Complaint, the supporting declarations, and the explicit terms of the contract between BPA and RMA.

3

Determining whether a claimant is a federal employee for purposes of the FECA depends on "the particular facts and circumstances surrounding the employment." *In the matter of Nivens*, 46 E.C.A.B. 926, 1995 WL 944422, *7 (July 25, 1995). Factors to be considered include: "the right of control of the work activities, the right to hire and fire, the nature of the work performed, the method of payment for the work, the length of the time of the job, and the intention of the parties." *Id*. Documents provided by Plaintiff establish that he was hired by RMA in September 2015, and he was its employee through the time of the injury. *See* Dkt. No. 18 at ¶¶ 3 and 5. RMA paid Plaintiff's compensation as well as his worker's compensation premiums to the State of Washington. *Id*. at ¶ 5; Ex. 18, Ex. 1. Plaintiff was also required to complete government forms to work at the BPA substation and those forms are designated "Non-Government Employee" forms. Dkt. No. 17, Ex. 1 at 8, 12. Indeed, one of the government forms refers to RMA as being Plaintiff's employer. Dkt. No. 18, Ex. 1 at 8 ("Collection of this information is authorized pursuant to a contract between your employer and BPA" and later designating "your employer" as RMA). Since his injury, Plaintiff has received worker's compensation benefits from the Washington State Department of Labor & Industries through RMA's account. Dkt. No. 17 at ¶ 4. Lastly, the contract between BPA and RMA explicitly disavows that Plaintiff is a federal employee: "[RMA] acknowledges that neither [RMA], its employees, agents, or representatives shall be considered employees, agents, or representatives of the BPA." Dkt. No. 18, Ex. 2 at 6. It is clear from the foregoing that BPA and RMA did not intend for Plaintiff to be a federal employee.

      Nevertheless, the United States argues that this Court must dismiss Plaintiff's claim because a substantial question exists as to whether Plaintiff's injury is covered by the FECA. According to the United States, a substantial question exists unless it is "certain that [FECA]

coverage would not apply." Dkt. No. 22 at 2 (citing to *Avery v. United States*, 2007 WL 3228437, at *5 (W.D. Wash. Oct. 31, 2007)). The United States argues that the test for whether Plaintiff was a federal employee "is not what his personnel files or other administrative paperwork stated"; rather, "the inquiry turns on 'the existence of federal authority to control and supervise the detailed physical performance and day to day operations of the contractor.'" *Id*. (quoting *Autery v. United States*, 424 F.3d 994, 956 (9th Cir. 2005)). The United States points out that the complaint alleges that BPA was required to control and supervise the construction crew's work, including Plaintiff's, so there is a question of fact as to whether Plaintiff was BPA's employee.

       The Court is not persuaded by the United States' argument. First, the cases it relies on for this proposition, *Autery* and *Gill v. United States*, 471 F.3d 204 (1st Cir. 2006) are readily distinguishable. *Autery* is not a FECA case, but rather it discusses the distinction between a federal agent and an independent contractor for purposes of the independent-contractor waiver under the FTCA. 424 F.3d at 956-7. *Gill* does involve a question of whether a plaintiff is a federal employee for purposes of the FECA. The case provides a sparse description of plaintiff's employment, only stating that he was a civilian attorney-advisor for the United States Navy. However, the United States, in that case, submitted a declaration from the Deputy Director for Federal Employees' Compensation "who had responsibility for administering the FECA" who stated that he had "reviewed Gill's complaint and had concluded … that there was 'a significant possibility of coverage under the FECA…" *Id*. at 208. Therefore, the First Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction. No such declaration exists in this case.

       Second, the Complaint's allegations regarding BPA's supervision of the work (or lack thereof) clearly relate to what Plaintiff alleges are the United States' duties as "the property owner

acting as its own general contractor for the work being done", not as his employer. *See e.g.* Dkt. No. 1 at ¶ 5.1. If such allegations are sufficient to raise the specter of federal employment, it is difficult to see how any tort case involving the federal government as a property owner would be able to proceed outside the FECA. Thus, cognizant of the fact that at this stage of the litigation this Court must resolve all factual disputes in favor of Plaintiff, the Court concludes that Plaintiff was not a federal employee and not required to submit his claim to the Department of Labor before filing this lawsuit. *See Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996) ("[W]e will consider items outside the pleading that were considered by the district court in ruling on the 12(b)(1) motion but resolve all disputes of fact in favor of the non-movant.").

    **B.**  **Whether Plaintiff May Bring His Claim under the FTCA**

  "The United States is immune from suit unless it consents to be sued." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). The FTCA allows parties to pursue certain claims against the United States in federal court for injury arising out of the negligent or wrongful conduct of any federal employee acting within the scope of the employee's employment. *See* 28 U.S.C. §§ 1346(b)(1), 2674, 2679(b)(1). This waiver of sovereign immunity is significant but limited to only permit certain types of actions against the United States. *Morris v. United States*, 521 F.2d 872, 874 (9th Cir. 1975). Specifically, 28 U.S.C. § 2680 "provides for several exceptions that 'severely limit[ ]' the FTCA's waiver of sovereign immunity." *Snyder & Associates Acquisitions LLC v. United States*, 859 F.3d 1152, 1157 (9th Cir. 2017) (quoting *Morris*, 521 F.2d at 874)). "If a plaintiff's tort claim falls within one of the exceptions, the district court lacks subject matter jurisdiction." *Morris*, 521 F.2d at 874.

  The United States contends that two such exceptions are applicable to this case: the independent contractor exception and the discretionary function exception.

### 1. The Independent Contractor Exception

While the FTCA waives sovereign immunity for negligent acts of officers and employees of any federal agency, it expressly excludes government liability for negligent acts of "any contractor with the United States"—this is known as the independent contractor exception. 28 U.S.C. § 2671. The FTCA, as a waiver of sovereign immunity, must be strictly construed and ambiguities resolved in favor of the government; as such, the independent contractor exception is broadly construed. *Morris v. United States*, 2009 WL 2486013, *4 (D. Ariz. Aug. 12, 2009).

The United States argues that if Plaintiff's claim is not barred by the FECA, then it is barred by the independent contractor exception to the FTCA. According to the United States, the Complaint places the blame for Plaintiff's injury squarely on the actions of RMA and/or EC Company employees and because those employees are employed by independent contractors, the United States is not liable for their negligence. Plaintiff counters that the United States reads the Complaint too narrowly. He argues that the Complaint "does not merely allege that the U.S. is vicariously liable for the negligence of others, but rather that the U.S., via its own employees, is responsible for **its own negligence**." Dkt. No. 16 at 9 (emphasis in original).

The United States is correct that courts generally construe the independent contractor exception to protect it from vicarious liability for the negligent acts of its independent contractors. *Edison*, 822 F.3d at 518. "The independent contractor exception, however, has no bearing on the United States' FTCA liability for its *own* acts or omission." *Id*. (emphasis in original). This is true even where the United States has delegated some of its duties to the independent contractor. "Only upon a finding that the government delegated its *entire* duty of care may the court dismiss the claim for lack of jurisdiction under the FTCA's independent contractor exception." *Id*. (emphasis in original).

7

Here, the United States argues that BPA delegated its safety-related duties to RMA; therefore, the independent contractor exception applies. The United States' is mistaken for at least two reasons. First, the Court has reviewed the portions of the contract between BPA and RMA to which the United States cites and, while those provisions do delegate to RMA the responsibility to ensure that *its* employees understand and comply with the safety requirements (s*ee e.g.* Dkt. No. 23, Ex. A at 5 (stating that RMA "bears sole responsibility for ensuring that all [RMA's] workers performing contract work possess the necessary knowledge and skills to perform the work correctly and safely"); *Id*. at 6 (requiring RMA to "ensure its employees, agents and representatives understand and comply with Contractor Safety Requirements and Forms), those provisions are silent on how the safety-related duties were delegated among BPA and EC Company employees. This is significant because Plaintiff alleges he was injured due to their negligence, not the negligence of an RMA employee. What is more, other provisions of the contract between BPA and RMA clearly establish the United States retained at least some of its duty of care towards Plaintiff. *See e.g.* Dkt. No. 23, Ex. A at 6 ("All workers, including contractors and BPA employees, are responsible for identifying and notifying other workers in the affect area of imminent danger at the site of work" … "workers…may raise safety concerns to BPA" … "BPA employees may direct the contractor to stop a work activity due to safety and health concerns" …" … "The Contractor shall not resume the stopped work activity until authorization to resume work is issued by a BPA Safety Official").  Thus, based on the record before the Court, dismissal is not warranted.[1] *See e.g., Edison*, 822 F.3d at 518.

---

[1] Indeed, the contract between BPA and EC Company (assuming one exists) is not in the record so this Court has no way of determining whether EC Company was an independent contractor on the construction project.

8

### 2. The Discretionary Function Exception

The discretionary function exception excludes from the FTCA's sovereign immunity waiver "[a]ny claim … based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved abuse." 28 U.S.C. § 2680(a). As discussed above, it is unclear from the record currently before the Court the extent to which the safety-related duties were delegated between RMA and BPA, and what extent if any BPA delegated any safety-related duties to EC Company. Once again, all disputes must be resolved in favor of Plaintiff at this stage in the litigation. Thus, dismissal based on the discretionary function exception is not warranted.

### V. CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES the United States' motion to dismiss.

Dated this 13th day of March 2023.

*/s/ Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge